CIKLIN, J.
Isaac Lakes appeals his convictions for aggravated assault with a deadly weapon, child abuse, false imprisonment, burglary of a dwelling, and possession of a firearm by a convicted felon. Lakes argues the trial court erred by allowing the state to question Lakes regarding his ability to comport his testimony to that of the other witnesses who testified at Lakes’ trial. We disagree and hold that the state may properly question a defendant regarding the defendant’s ability to tailor his or her testimony to the testimony of other witnesses at trial.
Facts
During the trial proceedings below, several persons testified that they witnessed Lakes commit the charged crimes. Lakes elected to testify. Lakes admitted that portions of the witnesses’ testimony were true, denied other portions, and testified that some of the criminal acts occurred but that other persons were the perpetrators.
During cross-examination, the state asked Lakes a series of questions regarding Lakes’ ability to see and hear the other witnesses testify and the state insinuated that Lakes had the ability to tailor his testimony to fit the testimony of the other witnesses. Lakes’ attorney objected, arguing the state’s questions violated Lakes’ constitutional rights to see and hear the witnesses testify against him. The trial court overruled the objection.
At the conclusion of trial, the jury found Lakes guilty of all charges and the court adjudicated and sentenced him.
Analysis
Lakes contends the trial court erred by allowing the state to question him regarding his presence in the courtroom during the other witnesses’ testimony and allowing the state to imply that Lakes was tailoring his testimony. The standard of review for the trial court’s decisions regarding the scope and control of cross-examination is abuse of discretion. See Medina v. State, 466 So.2d 1046,1050 (Fla.1985) (citation omitted).
In Mendoza v. State, 98 So.3d 441 (Fla. 1st DCA 2012), the First District confronted a similar issue. In that case, the state questioned the defendant about the defendant’s presence during the other witnesses’ testimony and whether that gave the defendant “an advantage over the other witnesses.” Id. at 442. The First District held “that a prosecutor may question a defendant on cross-examination about *452 the possibility of tailoring his testimony based on his presence in the courtroom during the testimony of other witnesses.” Id. at 444.
As the First District discussed, the United States Supreme Court decision in Portuondo v. Agard, 529 U.S. 61, 120 S.Ct. 1119, 146 L.Ed.2d 47 (2000) provides guidance for these situations. In that case, the prosecutor argued during summation:
‘You know, ladies and gentlemen, unlike all the other witnesses in this case the defendant has a benefit ... he gets to sit here and listen to the testimony of all the other witnesses before he testifies .... That gives you a big advantage, doesn’t it. You get to sit here and think what am I going to say and how am I going to say it? How am I going to fit it into the evidence? ... He used everything to his advantage.”
Id. at 64,120 S.Ct. 1119.
Agard petitioned for habeas corpus in federal court claiming, among other things, that the prosecutor’s comments violated his Fifth and Sixth Amendment rights to be present at trial, to confront his accusers, and that the comments violated his Fourteenth Amendment right to due process. Id. at 64-65, 120 S.Ct. 1119. Writing for the majority, Justice Scalia rejected Agard’s arguments because “when a defendant takes the stand, his credibility may be impeached and his testimony assailed like that of any other witness.” Id. at 69, 120 S.Ct. 1119 (citation and quotation marks omitted). The Court concluded, “Allowing comment upon the fact that a defendant’s presence in the courtroom provides him a unique opportunity to tailor his testimony is appropriate — and indeed, given the inability to sequester the defendant, sometimes essential — to the central function of the trial, which is to discover the truth.” Id. at 78,120 S.Ct. 1119.
The Court rejected Agard’s argument that the prosecutor’s arguments were an impermissible comment on the defendant’s right to remain silent. Id. at 68-69, 120 S.Ct. 1119. The Court distinguished comments that suggest a defendant’s silence implies guilt, which may not be made, and comments on the defendant’s credibility as a witness, which are permissible. Id. at 69,120 S.Ct. 1119.
The majority made note of the dissent’s suggestion “that the comments were impermissible here because they were made, not during cross-examination, but at summation, leaving the defense no opportunity to reply.” Id. at 71-72, 120 S.Ct. 1119. The majority then stated “this is not a constitutionally significant distinction,” suggesting that the prosecutor’s comments would have been permissible in cross-examination as well as during summation. Id. at 72, 120 S.Ct. 1119 (citation omitted). Further, Justice Ginsburg, writing for the dissent, acknowledged that “on cross-examination, a prosecutor would be free to challenge a defendant’s overall credibility by pointing out that the defendant had the opportunity to tailor his testimony in general, even if the prosecutor could point to no facts suggesting that the defendant had actually engaged in tailoring.” Id. at 78, 120 S.Ct. 1119 (Ginsburg, J., dissenting) (citation omitted).
As the First District also noted in Mendoza, some foreign state courts have determined that a prosecutor may not suggest the defendant altered his testimony after hearing the other witnesses testify. Mendoza, 93 So.3d at 444 nn. 2-3 (citations omitted). Based on the persuasive decisions of Agard and Mendoza, however, we conclude that such cross-examination is proper. Accordingly, the trial court properly overruled Lakes’ objections to the state’s line of questioning in this case.
Even if this were error, it would be harmless. See State v. DiGuilio, 491 *453 So.2d 1129,1138 (Fla.1986) (“The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” (citation omitted)). As the Mendoza court noted, “the jury could see that [the defendant] had been present for the entire trial and could use its own judgment in weighing his testimony.” Mendoza, 93 So.3d at 445. Similarly, the jury in this case was capable of determining that Lakes could tailor his testimony to that of the other witnesses regardless of whether the state commented on it. Viewing the prosecutor’s statement in light of the entire record, we conclude that if the comments constituted error, the error was harmless beyond a reasonable doubt.
Finally, Lakes also suggests that the prosecutor improperly asked Lakes whether he had the ability to “manufacture [his] story” at trial based on the testimony of the other witnesses. Lakes’ counsel objected before the state finished the question and Lakes did not answer the question. The state rephrased its question to ask whether Lakes had the ability to “make [his] story fit the set of facts that are uncontroverted” by the other witnesses. We find that the latter question was proper, and we conclude that any error arising from the state’s use of the word “manufacture” in the unanswered question was harmless.

Affirmed.

STEVENSON and KLINGENSMITH, JJ., concur.